Balbir SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–73273.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Tsz–Hai Huang, Zeena Batliwalla, Rai & Associates, P.C., San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michelle G. Latour, Wendy Bostwick Norman, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, McKEOWN, and GOULD, Circuit Judges.

## MEMORANDUM **

Balbir Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") order denying Singh's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

We review for substantial evidence the decisions of the IJ and the BIA and will reverse only if the record compels a contrary conclusion. *Singh–Kaur v. INS,* 183 F.3d 1147, 1149–50 (9th Cir.1999).

Singh sought asylum on the basis of police mistreatment of him in the Punjab due to his membership in the All India Sikh Student Federation. The IJ and BIA identified specific and cogent reasons for finding Singh's testimony not credible. Specifically, the BIA found that the discrepancies between Singh's affidavit and testimony regarding an alleged arrest in 1995 following his lecture at an AISSF event indicated that Singh had been "caught inventing aspects of his story" so that it would be "consistent with Sikh history."

The "identified inconsistencies go to the 'heart of [the] asylum claim'" because they relate to the reason Singh was allegedly arrested and subsequently tortured by the Punjabi police. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004) (quoting *Singh v. Ashcroft,* 301 F.3d 1109, 1111 (9th Cir. 2002)) (alteration in original). After careful review of the record, we are not compelled to conclude that Singh's testimony was credible. *See Singh–Kaur,* 183 F.3d at 1149–50.

Because the asylum claim fails, Singh's claim for withholding of removal, which requires a higher standard of proof, fails as well. *See Prasad v. INS,* 47 F.3d 336, 340 (9th Cir.1995).

Singh's claim regarding the BIA's denial of protection under CAT also fails because

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**610**

Singh relied upon the same statements that the IJ determined not to be credible. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

### PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).  We therefore deny Berry's request for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.